UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS W.,[1]

                                       Plaintiff,         Case # 20-CV-1652-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                     Defendant.
_____

## INTRODUCTION

In February 2018, Plaintiff Thomas W. protectively filed an application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), alleging disability beginning on November 1, 2013, due to mental impairments. Tr.[2] 141-42. The Social Security Administration ("SSA") denied his claim, Tr. 65-73, and Plaintiff filed a timely request for a hearing.

Plaintiff appeared and testified at a hearing before Administrative Law Judge Asad M. Ba-Yunus (the "ALJ") on April 12, 2018. Tr. 25-64. A vocational expert also testified. The ALJ issued an unfavorable decision on September 17, 2019. Tr. 12-20. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. Plaintiff replied. ECF No. 12. For the reasons that follow,

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education,

and work experience.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.  The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2018.  Tr. 17.  At step two, the ALJ concluded that Plaintiff had the following severe impairments: depression and anxiety.  Tr. 14-15.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 15-16.  Next, the ALJ determined that Plaintiff retained the RFC to perform unskilled, simple, routine tasks, with "frequent interaction with others in the workplace, but brief and superficial interaction with the general public," and frequent changes to a routine setting.  Tr. 16-18.

At step four, the ALJ found that Plaintiff was not capable of performing any past relevant work.  Tr. 18-19.  At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform—such as garment folder, marker, and bagger—and therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 19-20.

### II.  Analysis

Plaintiff argues that (1) the ALJ failed to reconcile the RFC with an opinion from state agency reviewer, T. Bruni, Ph.D. and (2) the ALJ improperly evaluated an opinion from Plaintiff's treating mental health therapist Monica Dewitt, LMHC.  Because the Court agrees with Plaintiff's first argument, it declines to address the second argument in detail.

Generally, an ALJ must "reconcile discrepancies between [his] RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). While an "ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony, he cannot simply selectively choose evidence in the record that support his conclusions." *Id.* (quoting another source). Rather, when the RFC conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." *Id.* (quoting another source).

Here, the ALJ failed to reconcile the opinion of state agency reviewer D. Bruni, Ph.D., with the RFC, despite that the ALJ purportedly adopted that opinion. Dr. Bruni opined, among other things, that Plaintiff "retains the mental ability to perform simple work w[ith] brief and superficial contact w[ith] others." Tr. 68. Dr. Bruni opined that Plaintiff "has some difficulty relating to others" and was "[m]oderately limited" in the ability to interact with the general public, accept instructions, and respond appropriately to criticism from supervisors. Tr. 71.

The ALJ found Dr. Bruni's assessment to be "fairly persuasive." Tr. 17. However, without explanation, the ALJ did not incorporate into the RFC Dr. Bruni's opinion that Plaintiff would have difficulty interacting with supervisors and would be limited to brief and superficial contact with others. Instead—again without explanation—the ALJ limited Plaintiff to brief and superficial interaction only with the general public, thereby omitting Dr. Bruni's concern about Plaintiff's ability to deal with others, including supervisors.

It is unclear to the Court whether this part of the ALJ's RFC was purposeful or just an oversight. Without an explanation from the ALJ as to why the ALJ chose to omit Plaintiff's limitations for dealing with others, the Court is unable to meaningfully review this aspect of the decision. *See Perkins v. Berryhill*, No. 17-CV-6327, 2018 WL 3372964, at *4 (W.D.N.Y. 2018) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting

the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review."). This is especially so in light of the only other opinion statement in the record, from Plaintiff's treating mental health therapist, Monica Dewitt, LMHC. Tr. 359-63. In that statement, Ms. Dewitt opined that, among other things, Plaintiff would be unable to work in coordination with others or get along with co-workers, and would be seriously limited in ability to accept instructions and respond to criticism from supervisors. Tr. 361. The ALJ determined that Ms. Dewitt's opinions were "inconsistent with the overall record." Tr. 18. Yet, the ALJ does not point to any records that undermine Ms. Dewitt's conclusions that Plaintiff would be significantly impaired in the ability to deal with not only the general public, but also supervisors and others. Indeed, contrary to the ALJ's assertion otherwise, Ms. Dewitt's opinions are *consistent* with Dr. Bruni's conclusions.

The Court therefore concludes that the ALJ's treatment of Dr. Bruni's opinion in formulating the RFC leaves the Court with unanswered questions that require remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is GRANTED, the Commissioner's motion for judgment on the pleading, ECF No. 11, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 12, 2022
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York